**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 23-6383**

───────────

DAVID LYNN BELL,

        Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:21-cv-00148-GMG)

───────────

Submitted:  January 30, 2024                        Decided:  February 5, 2024

───────────

Before KING, AGEE, and THACKER, Circuit Judges.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

David Lynn Bell, Appellant Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lynn Bell appeals the district court's order adopting the magistrate judge's recommendations and dismissing for lack of subject matter jurisdiction Bell's civil action seeking relief under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (FTCA). The district court appropriately reviewed de novo two of Bell's timely-filed objections to the magistrate judge's report. *See United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (noting requirement from Federal Magistrates Act, 28 U.S.C. § 636(b)(1), that district courts conduct de novo review of portions of report to which specific objections are made). However, the court conducted only a clear error review of Bell's objections to the magistrate judge's dispositive finding that the discretionary function exception to the FTCA foreclosed his claim. The court found that de novo review was not required because Bell's objection mirrored arguments that he previously had raised in his response brief, which the magistrate judge considered.

Our review of Bell's objections reveals that they were sufficiently specific to warrant de novo review by the district court. *See Osmon v. United States*, 66 F.4th 144, 146 (4th Cir. 2023) ("[A] party wishing to avail itself of its right to de novo review must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." (internal quotation marks omitted)). Importantly, "[i]t is immaterial that [Bell's] objections resembled arguments he had made previously; district courts must solely consider the specificity, not the novelty, of objections to magistrate recommendations." *Elijah v. Dunbar*, 66 F.4th 454, 461 (4th Cir. 2023); *see also Osmon*, 66 F.4th at 146 ("[A] party need not frame its arguments anew when it objects.").

2

Because the district court did not conduct a de novo review of the magistrate judge's dispositive finding, we vacate the court's order and remand with instructions to review Bell's objections to this finding de novo. *See Elijah*, 66 F.4th at 461 (explaining that "we generally don't reach factual or legal questions in a magistrate judge's report that were not first subject to de novo review by the district court" and remanding to "ensure appropriate district court review" (internal quotation marks omitted)).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*
